CITY HOLDING COMPANY, A BODY CORPORATE, PROSE-
CUTOR, v. STATE BOARD OF TAX APPEALS AND CITY
OF JERSEY CITY, DEFENDANTS.

Submitted January 21, 1941—Decided August 1, 1941.

Before Justices CASE, DONGES and HEHER.

For the prosecutor, *Nicholas S. Schloeder.*

For the defendants, *James A. Hamill (Frank P. McCar-thy,* of counsel).

The opinion of the court was delivered by

HEHER, J. Prosecutor challenges an assessment for taxa-tion for the year 1939 made by the taxing district of Jersey City on his real property designated as 3388 Hudson Boule-vard, consisting of a plot 43 feet x 106 feet and a four-story brick building containing twenty apartments. The local assessor valued the land at $6,500 and the building at $47,000. The landowner appealed; and the county board of taxation affirmed the assessment. Thereupon, an appeal was taken to the State Board of Taxation; and there the

valuation of the land was affirmed and the assessment on the improvements was reduced to $46,000. The contention was (and is) that, at the assessment date, the land was worth $5,500 and the building $28,000.

There is at the outset a presumption in favor of the *quantum* of the assessment as made by the local authority; and the *onus* of proof of an excessive valuation is upon the landowner. *Colonial Life Insurance Co.* v. *State Board of Tax Appeals,* 126 *N. J. L.* 126. And here the burden has not been sustained.

The landowner urges that, since the property was conveyed to it by the Provident Institution for Savings on May 8th, 1939, for $33,500, that sum represents the taxable value thereof. And it points also to what it conceives to be "comparable sales."

The price paid by prosecutor is, of course, not conclusive of the true value of the property at the assessment date, for the times were abnormal, so much so that the sale price is not deemed determinative of true value, *i. e.,* such price as, in the assessor's judgment, the lands "would sell for at a fair and *bona fide* sale by private contract." *Colonial Life Insurance Co.* v. *State Board of Tax Appeals, supra; City of Plainfield* v. *State Board of Tax Appeals,* 127 *N. J. L.* 5.

Here, title to the lands was taken by the bank in foreclosure proceedings but a short time before; and a resale under these circumstances tends further to impair its integrity as a factor in the application of the constitutional and statutory test. And, for like reasons, the sale prices of "comparable" properties ofttimes do not furnish a satisfactory standard. *Colonial Life Insurance Co.* v. *State Board of Tax Appeals, supra.* Moreover, the taxing district introduced evidence of fairly comparable land sales in the vicinity that tended greatly to neutralize that adduced by prosecutor.

The city's expert valued the property under consideration at $53,500. This was based upon a gross annual rental yield of $8,220, to which he added $360, the rental value of an apartment occupied by the superintendent rent-free. Deducting the operating expenses (including the rental value of the caretaker's apartment), and allowing for depreciation,

the net income was $5,350, which the witness "capitalized at about ten per cent." He also took into account what he deemed to be "comparable" sales; and these sale prices are commensurate with the capitalization of the rents on the like basis, and so bear comparison to the valuation thus placed upon the structure situate on prosecutor's lands. When it is considered that the long-continued abnormal condition of the real estate market has substantially lowered the rent level, we are unable to say that the evidence presented by prosecutor preponderates over that offered by the municipality.

The annual rental of the premises is an element to be taken into account in the ascertainment of true value, if the property is so situated that such income is fairly reflective of such value. *Hurd* v. *Cook,* 60 *N. J. L.* 70; *State, Keeler et al., Pros.,* v. *Tindall,* 36 *Id.* 97; *State* v. *Collector of Jersey City,* 24 *Id.* 108.

The judgment is affirmed, without costs.